IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TERRELL, | : | |
| Plaintiff, | : | Case No. 3:16-cv-484 |
| vs. | : | JUDGE WALTER H. RICE |
| NANCY A. BERRYHILL, | : | MAGISTRATE JUDGE SHARON L. OVINGTON |
| Acting Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OBJECTIONS OF PLAINTIFF, MICHAEL TERRELL, TO SAID JUDICIAL FILING (DOC. #14) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

Plaintiff Michael Terrell ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 1, 2018, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #13, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In assessing Plaintiff's Residual Functional Capacity ("RFC"), the Commissioner's Administrative Law Judge ("ALJ") assigned great weight to the opinions of Damian Danopulos, M.D., the Commissioner's examining physician, and Michael Lehv, M.D., the Commissioner's record-reviewing physician. Doc. #6-2, PAGEID #104. Dr. Lehv reviewed all medical evidence of record that was available as of November 18, 2013, Doc. #6-3, PAGEID #209, and Dr. Danopulos examined Plaintiff on September 23, 2013. Doc. #6-7, PAGEID #486. Thus, neither doctor examined x-rays or radiographs from November 2014, the results of which prompted Brandon W. Bishop, D.P.M., Plaintiff's treating podiatrist, to opine that Plaintiff would benefit from surgery, assuming he could quit smoking prior to undergoing the procedure. Doc. #7, PAGEID #1012 (citing Doc. #6-8, PAGEID #772-73). Plaintiff argues that, by not assigning significant weight to any medical source that had reviewed the x-rays and radiographs, the ALJ impermissibly interpreted that "raw medical data" in formulating Plaintiff's RFC without a supporting opinion, *i.e.*, in functional terms. Doc. #14, PAGEID #1058 (citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *Smiley v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 592, 600-601 (S.D. Ohio 2013) (Rose, J.); *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 913 (N.D. Ohio 2008)). Thus, Plaintiff claims, "[t]he ALJ's RFC findings are unsupported by substantial evidence and in error as a matter of law and should be reversed and remanded for further consideration." *Id*.

4

Plaintiff's Objection is belied by the ALJ's decision, in which he fully analyzed Dr. Bishop's findings, Doc. #6-2, PAGEID #103, and observed that "Dr. Bishop's chart notes reflect good recovery after the claimant's surgical hardware removal and statements from the claimant that he could do anything without discomfort." *Id.*, PAGEID #104. The ALJ concluded that, in light of these chart notes, Plaintiff's right foot impairments were not so severe to prevent him from walking more than one block with a cane, as Plaintiff had testified. *Id.* (citations omitted). While Dr. Bishop diagnosed right foot hallux valgus and limitus, Doc. #6-8, PAGEID #772, the ALJ accounted for that diagnosis by including an additional restriction of "no use of the lower extremities for pushing[,] pulling, or operating foot controls[,]" Doc. #13, PAGEID #1052 (quoting Doc. #6-2, PAGEID #101), a restriction that was not opined by Dr. Danopulos or Dr. Lehv. Doc. #6-3, PAGEID #204-07; Doc. #6-7, PAGEID #486-97. In sum, the ALJ adequately analyzed and accounted for Dr. Bishop's opinions in the RFC, and did so without "playing doctor." As Plaintiff's RFC was otherwise supported by substantial evidence, the RFC—and consequent finding of non-disability—must be affirmed.

2. In his Statement of Specific Errors, Plaintiff moved for the captioned cause to be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g) for the consideration of new evidence. Doc. #7, PAGEID #1017. In the Report and Recommendations, the Magistrate Judge concluded that a Sentence Six Remand was not warranted, Doc. #13, PAGEID #1053-55, and Plaintiff lodged no Objection to that conclusion. Doc. #14. Accordingly, Plaintiff is deemed to have abandoned that motion. Fed. R. Civ. P. 72(b)(3).

5

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #13. Plaintiff's Objections to said judicial filing, Doc. #14, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 5, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT